SUMMARY ORDER
Petitioner Galleh Jalloh, a native and citizen of Sierra Leone, seeks review of a June 25, 2007 order of the BIA affirming the January 12, 2004 decision of Immigration Judge (“IJ”) Terry A. Bain denying Jalloh’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Galleh Jalloh, No. A 95 381 435 (B.I.A. Jun. 25, 2007), aff'g No. A 95 381 435 (Immig. Ct. N.Y. City Jan. 12, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
*487 Where, as here, the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir. 2007). We review de novo questions of law and the application of law to undisputed facts. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. The IJ accurately noted that Jalloh testified that he had been a member of the “APC” party in Sierra Leone, but when asked to clarify what that acronym stood for, Jalloh replied, “Sierra Leone People Party.” After his attorney asked if he was involved in any other organizations, Jalloh revised his earlier answer and stated that he was actually involved with the “SLPP” and that he had made a mistake in his previous response. Although Jalloh sought to explain this inconsistency by testifying that he did not speak English well and was not educated, the BIA and the IJ appropriately rejected that explanation, given that he had the benefit of an interpreter during his hearing and never contended that there were translation problems. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because this inconsistency involved the heart of his claim that he was persecuted in Sierra Leone on account of his political opinion, it properly supported the agency’s adverse credibility determination. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003).[1]
Similarly, the IJ correctly observed an inconsistency between Jalloh’s testimony that his wife informed him that the rebels shot and killed his mother, and his two written applications stating that his wife informed him that the rebels killed his father and his mother was missing. Given that this discrepancy cast doubt on his claim that he and his family members were persecuted in Sierra Leone, it supported the agency’s adverse credibility determination. See id.
In further support of the adverse credibility determination, the IJ identified several more minor discrepancies in Jalloh’s testimony regarding where rebels took him after he was abducted and when his father had joined the Sierra Leone People’s Party. The IJ also drew an adverse inference from Jalloh’s inability in his testimony to specifically identify the Revolutionary United Front (“RUF”) as the *488 group that abducted him, even though he had named that group in both of his written asylum applications. While such discrepancies might not be substantial on their own, when weighed together the agency properly deemed them consequential. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006).
Given that substantial evidence supports the agency’s adverse credibility determination, the agency’s denial of Jalloh’s applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same core factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006); see also Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Thus, we need not address the BIA’s additional finding that Jalloh failed to establish that he was detained by the RUF on account of his political opinion.
We have considered Jalloh’s additional arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Jalloh’s pending motion for a stay of removal is hereby DENIED.

. The Secaida-Rosáles v. INS line of cases has been superseded in part by amendments to the statutory standard imposed by the Real ID Act. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam) ("[W]e conclude that our previous holding [in Secaida-Rosales] ... has been abrogated by ... the Real ID Act. For cases filed after May 11, 2005, the effective date of the Act, an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.” (quoting 8 U.S.C. § 1158(b)(l)(B)(iii) (citations omitted))). However, as Jalloh filed his applications before May 11, 2005, Secai-da-Rosales is still applicable in this case. See, e.g., Balachova v. Mukasey, 547 F.3d 374, 380 n. 2 (2d Cir.2008).